UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A.
FERRARA, SR., MARC HERBST, DENISE
RICHARDSON, AND THOMAS CORBETT as Trustees
and fiduciaries of the local 282 welfare trust fund, the
Local 282 pension trust fund, the local 282 annuity trust
Fund, the local 282 job training trust fund, and the local
282 vacation and sick leave trust fund,

                                      Plaintiffs,

        v.

MV TRANSPORT CORP.,

                                      Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-cv-5767 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Plaintiffs are the trustees and fiduciaries of five employee benefit funds. Plaintiffs filed this suit to recover unpaid contributions stemming from alleged breaches of two collective bargaining agreements ("CBAs"). The funds are third-party beneficiaries of these CBAs. This suit seeks relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 2001 et seq. and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq. Defendant was properly served with the complaint and failed to appear in this suit.

      Plaintiffs have moved for default judgment. The Court grants plaintiffs' motion and awards plaintiffs $1,295,378.59 against defendant.

**A. Liability**

      When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v.

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

The allegations in the complaint are sufficient to establish that defendant violated the CBAs and ERISA and by failing to make required contributions to the Funds.

**B. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111.

In support of their motion, plaintiffs submitted declarations and documentary evidence. This proof establishes the damages detailed below to a reasonable certainty. With two exceptions explained below, the Court concludes that the supporting declarations contain correct

calculations and adequately explain plaintiffs' damages calculations.[1] See Gesualdi v. Reid, No. 14-CV-4212, 2016 WL 4098554 (E.D.N.Y. July 29, 2016) (Spatt, J., adopting report and recommendation of Brown, M.J.) (calculating damages for default judgment); Gesualdi v. Loriann Trucking Co., No. 11-CV-5984, 2012 WL 3887205 (E.D.N.Y. July 27, 2012) (report and recommendation) (same), adopted by, 2012 WL 3887170 (E.D.N.Y. Sept. 6, 2012).

First, plaintiffs requested $5,783.38 in liquidated damages related to the unpaid contributions from the audit. In addition to interest that is owed, plaintiffs are also entitled, as liquidated damages, to the greater of either 20% of the unpaid contributions or interest due on the unpaid on the award. According to plaintiffs, $5,783.38 is the amount of interest that is due on the unpaid contributions through March 1, 2016. However, this amount appears to include interest on both $5,273.76 in unpaid contributions and $3,566.73 in contributions that defendant paid late. Although plaintiffs are entitled to interest for late contributions, they are not entitled to liquidated damages for late contributions. Loriann Trucking Co., 2012 WL 3887205, at *8. Accordingly, the Court will instead award liquidated damages in the amount of $3,599.44, which is the amount of interest owed on the $5,273.76 in unpaid contributions, running from March 28, 2013 through today's date.[2]

---

[1] Plaintiffs' supporting papers also contain a few trivial errors. On page 7 of the Puccio Declaration, the calculations for the four weeks listed under "Welfare" state that the amount due is $3,476.47 when the correct calculation is $3,467.47. Thus, the total amount due for each of these weeks is $10,193.69—a $36 difference. In light of this correction, the total amount due for unpaid contributions is $802,965.18. This $36 difference is so minor that, once appropriate rounding is considered, it does not affect the per diem interest calculations for these weeks, which remain at $5.03 per day.

At the top of page 8 of the Puccio Declaration, the hourly Welfare payment is listed as $13.50 when it should be $14.50. However, the calculations on this page are correct.

At the top of page 9 of the Puccio Declaration, the hourly Welfare payment is listed as $13.50 when it should be $15.65. However, the calculations on this page are correct.

On page 9 of the Muller Declaration, the final four weeks incorrectly list the total amount due as $10,746.92. The correct amount is $10,745.92. This error does not appear to have affected the final total or the interest calculations.

[2] For the $5,273.76 in unpaid contributions, interest accrues at $2.60 per day.

3

Second, in plaintiff's motion papers, plaintiff requested $160,600.24 in liquidated damages, which is 20% of the additional unpaid contributions.  However, the interest on the additional unpaid contributions is now $234,115.41.  Accordingly, the Court awards plaintiffs $234,115.41, which is the greater amount, as liquidated damages on the additional unpaid contributions.

Finally, with respect to attorney's fees, both the hourly rate sought by plaintiff's counsel and the time spent are reasonable and supported by contemporaneous time records.  See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

Accordingly, the Court awards plaintiff the following:

(1) $5,273.76 in unpaid contributions from the audit;

(2) §5,783.38 in interest on the unpaid and late audit contributions through March 1, 2016;

(3) $816.40 in interest on the unpaid audit contributions from March 2, 2016 through today;

(4) $3,599.45 in liquidated damages on the unpaid audit contributions;

(5) $802,965.18 in additional unpaid contributions;

(5) $109,812.23 in interest on the additional unpaid contributions through March 1, 2016;

(6) $124,303.18 in interest on the additional unpaid contributions from March 2, 2016 through today;

(7) $234,115.41 in liquidated damages on the additional unpaid contributions;

(8) $1,035.00 in audit fees; and

(9) $7,674.60 in attorney's fees and costs.

Accordingly, plaintiffs are entitled to a judgment against defendant for $1,295,378.59.

## C.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant MV Transport Corp. in the amount of $1,295,378.59.

**SO ORDERED.**

Dated:  January 10, 2017
Central Islip, New York

   /s/   (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
